DAVID L. HUNTER *vs.* FRANCIS E. HEATH and another.

Kennebec. Opinion June 3, 1884.

*Practice. Motion to dismiss. Exceptions. Error.*

A motion to dismiss lies only to some defect which can be seen on inspection of the writ. It does not lie when, to support or resist it, proof is necessary *dehors* the writ.

The law court can act on a bill of exceptions only in the form in which it is made up and allowed at *nisi prius.*

ON EXCEPTIONS.

This was a writ of error, and when the action came up for a hearing, the defendants filed a motion to dismiss the action. The court granted the motion and ordered the action dismissed, and the plaintiff alleged exceptions to that ruling, and made the writ and motion to dismiss a part of the exceptions.

[Writ.]

"State of Maine, Kennebec, ss. To the sheriffs of our respective [L. S.] counties, or either of their deputies, Greeting.

" We command you, that you make known unto Francis E. Heath of Waterville, and Augustine Crosby of Benton, county of Kennebec and State of Maine, partners under the firm name of Heath and Crosby, that they appear, if they see cause, before

our Supreme Judicial Court, to be holden at Augusta, within and for our county of Kennebec, on the first Tuesday of August next, to answer to David L. Hunter of Clinton, in said county, in a plea of error, whereas the said Hunter alleges that in the process, proceeding and judgment had before the Supreme Judicial Court in and for our said county of Kennebec, at a term beginning on the first Tuesday of August, 1873, said judgment having been rendered on the report of F. P. Haviland, referee on a submission entered into March 17, 1873, wherein the said Heath and Crosby were plaintiffs, and the said Hunter was defendant, there occurred the errors hereinafter specified, by which the present plaintiff was injured and for which he therefore seeks that said judgment may be reversed, recalled or corrected, as law and justice may require, that is to say, the following errors, viz. :—

" I. That neither before nor after said submission was signed and executed, did the referee therein named, give the plaintiff in error any notice of a time or place for hearing the matter submitted, nor were there any witnesses sworn or examined at any time, but an award was made without the knowledge of the plaintiff in error and without any trial or hearing of the matters submitted, and a report made therein to the Supreme Judicial Court in and for the county of Kennebec, at the August term, 1873, without the knowledge of this plaintiff, and a judgment obtained thereon against said plaintiff in error wrongfully and in his absence.

" II. That by reason of the premises, and relying on the assurance of said referee after the execution of said submission that no award should be made until a full hearing should be had, the plaintiff in error was deceived and had no reason to suppose and did not suppose any award in the premises had been made, or any report thereon rendered to said court, and therefore was not present himself or by attorney, and was deprived of his right to file exceptions to the acceptance of said report.

" III. In this, that if any hearing was ever had by said referee on the matters submitted, or any of them, after the signing of said submission, it was *ex parte* and without the knowledge or consent of said plaintiff in error and in his absence.

"IV. In this, that the bark, logs and lumber described in said submission, and the land from which they are alleged to have been taken and on which damage was claimed to have been done, never belonged to the defendants in error, and that they never had any right, title or interest therein, all of which this plaintiff was prevented from showing, by reason of the premises set forth in the preceding assignments of error.

"V. In this, that the said submission was not a statute submission, but only a submission at common law, and ought not to have been returned to the Supreme Judicial Court at all, and that court had no jurisdiction of the same, and could not enter up any valid judgment thereon, and said judgment is void.

"VI. In this, that the award of said referee does not follow the submission, nor decide all the claims or matters specified by the demand which is the basis of said submission, but is uncertain, incomplete, and void, and no valid judgment could be rendered upon it.

"VII. In this, that the amount allowed by said referee is grossly excessive and greatly exceeds not only the value of the item passed upon by said award, viz: the damages done on the Eaton tract, but the value of all hemlock bark and lumber taken therefrom as specified in said demand. Wherefore said judgment is erroneous.

"Hereof fail not, and have you there this writ with your doings thereon.

"Witness, John Appleton, Chief Justice, at Augusta, this 16th day of June, in the year eighteen hundred and seventy-seven.

Wm. M. Stratton, Clerk."

(Defendants' motion to dismiss.)

"And now the said defendants come and move the court to quash the plaintiff's writ, because :

"I. The errors assigned contradict the record.

"II. The plaintiff in error had a remedy by exceptions from the judgment of the court, accepting the report of the referee, upon which report judgment was rendered by the Supreme Judicial Court.

" And for divers other good and sufficient reasons.

" Wherefore they pray judgment, and that the judgment aforesaid may be affirmed and stand and remain in full force, vigor and effect.

By E. F. Webb, their attorney."

*Baker, Baker and Cornish*, for the plaintiff.

*E. F. Webb and Appleton Webb*, for the defendants.

WALTON, J. This case is before the law court on exceptions. It is a writ of error, and the exceptions state that when the action came up for a hearing, the defendants filed a motion to dismiss the action, and that the court granted the motion and ordered the action dismissed. On what ground the motion was sustained is not stated in the bill of exceptions ; and, on inspection of the writ, we fail to see any ground on which such a motion could be rightfully sustained. It contains an assignment of errors, which, if sustained by proof, would be sufficient cause for reversing the judgment ; and, of course, no proof could be offered, or considered by the court, on a mere motion to dismiss. Such a motion lies only to some defect which can be seen on inspection of the writ alone. It does not lie when, to support or resist it, proof is necessary *dehors* the writ. *Badger* v. *Towle*, 48 Maine, 20 ; *Chamberlain* v. *Lake*, 36 Maine, 388.

A motion to dismiss is not a proper plea on which to raise an issue of fact for the court or the jury. And if it were, the exceptions in this case do not show that any proof was offered in support of the motion or considered by the court. The record of the judgment in the original suit is not made a part of the bill of exceptions, and it does not appear that it was seen or acted upon by the judge at *nisi prius*. Consequently, it cannot properly be seen or examined by the law court ; for it is no part of the case as made up for the law court. The exceptions are very brief, and some error may have occured in making up the case. But the law court can act upon it only in the form in which it is presented. As the case is presented the ruling at

*nisi prius* appears to have been incorrect, and the exceptions must be sustained.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.